[Crim. No. 1487. First Appellate District, Division One.—October 16, 1928.]

THE PEOPLE, Respondent, v. FRANK PASSINTINO, Appellant.

J. B. Peckham, Hugh L. Smith and Charles J. Wiseman, for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

CASHIN, J.—The defendant was charged by an information filed in the superior court of Santa Clara County with a felony, to wit, that on January 24, 1928, he did wilfully, unlawfully, and knowingly have in his possession and control a still and stilling device intended for use and used in the manufacture and production of intoxicating liquor for beverage purposes. A jury returned a verdict of conviction, and from a judgment entered thereon and an order denying a new trial the appeal was taken.

It is contended as grounds for reversal that the evidence was sufficient to support the verdict; that the verdict was

against law; that the court erroneously instructed the jury, and that certain statements by the prosecuting attorney constituted prejudicial misconduct.

■ The evidence showed that the defendant with his family occupied a dwelling situated on a 40-acre ranch the title to which stood in the name of defendant's wife; that in the rear of the dwelling distant about 60 feet was a barn, a part of which was used as a garage; that between 350 and 400 feet further to the rear was a shed or still-house in which was found the still in question. Between the garage and still-house wires were strung by means of which a bell in the still-house could be rung, and it was also shown that electric wires used for lighting the still-house were connected with the dwelling mentioned. On the evening of defendant's arrest, which occurred at the dwelling, the officers found no fire burning under the still, but its contents, consisting of a mash of apricots and other ingredients, were hot, and from a pipe leading therefrom alcohol was dripping into a container. The officer testified that the clothing worn by the defendant at the time of his arrest bore the odor of the contents of the still, and defendant admitted at the trial that he knew that the still was being operated and that he had seen it in operation, and also that the electricity used for lighting the still-house was charged to him. He denied ownership or possession of the still, however, claiming that the premises with the exception of the dwelling-house and the part of the barn used as a garage had been leased to one Ferrente, and that the latter or his agents were in possession of the still-house and its contents. Instruments purporting to show the interest of Ferrente to be as claimed were introduced in evidence, but the character of the testimony of the defendant and one Di Salvo as to the identity of the lessee and the circumstances under which the lease was executed was such that the jury might reasonably have believed the transaction to have been contrived to conceal the true facts and that the lessee named had no existence. The conclusions of the jury were fully supported by the evidence and should not be disturbed.

■ The prosecuting attorney in the course of his argument to the jury stated in substance that if he did not believe the defendant to be guilty he would not stand before the jury and ask for a conviction. This statement appears

to have been made in reply to a suggestion by the defense that the prosecution had some connection with the dry issue. This the prosecuting officer denied, and in his argument made the remark to which defendant excepted. As stated by the trial court, counsel was under the circumstances entitled to some latitude in his argument, and we are of the opinion that the remark was not prejudicial.

.It is further contended that the court in its instructions unduly emphasized certain evidence which bore most strongly against the defendant, and that its conduct in this respect materially prejudiced his rights. Defendant offered no instructions, and a reading of those given, by which the jury was fully advised as to the law of the case, shows no reasonable ground for complaint in the respect claimed by defendant. The record shows that the verdict was fully supported, and discloses no error which could fairly be said to have resulted in a miscarriage of justice.

The judgment and order are affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 15, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 13, 1928.

All the Justices present concurred.